UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 5:26-cv-05249-SSC Date: September 16, 2026

Title Gerges Eid Ata Gerges v. Acting Field Office Director, Los Angeles Office of Detention and Removal, U.S. Immigration and Customs Enforcement, et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) **Order Directing Respondents to Respond to Petitioner's *Ex Parte* Application for Temporary Restraining Order (ECF 1)**

On September 10, 2026, Petitioner Gerges Eid Ata Gerges filed an *ex parte* application for temporary restraining order (TRO). (ECF 1.) On September 11, 2026, a Notice of Deficiencies was entered due to the absence of a petition or other case-initiating document. (ECF 2.) That same day, the Clerk issued a Notice of General Order 26-05, which set the briefing schedule in this case and ordered Respondents to provide at least two court days' notice to Petitioner, and counsel, and the Court of its intent to remove Petitioner from the Central District of California. (ECF 5.) No such notice of intent to remove has been filed to date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05249-SSC Date: September 16, 2026

Title Gerges Eid Ata Gerges v. Acting Field Office Director, Los Angeles Office of Detention and Removal, U.S. Immigration and Customs Enforcement, et al.

On September 15, 2026, Petitioner filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241. (ECF 9.)

This is Petitioner's second petition. His first was adjudicated by this Court in May wherein the Court granted the unopposed petition and ordered Petitioner released from immigration custody. *Gerges Eid Ata Gerges v. Ernesto Santacruz Jr., et al.*, No. 5:26-cv-02075-SSC (C.D. Cal. filed Apr. 23, 2026). As the Court explained in the release order, Petitioner is subject to a final order of removal and has been granted withholding of removal from his native country Egypt. *Id.* at Dkt. No. 10 at 1–2. He was detained by immigration authorities in March to execute that final order of removal allegedly to a so-called third country, and Petitioner claimed, among other things, that as his removal was not reasonably foreseeable he was entitled to be released. *Id.* Based on the Respondents' non-opposition to the petition, the Court ordered Petitioner to be released from custody under appropriate release conditions. *Id.*

In this second petition, it is alleged that on September 10, 2026, Petitioner was re-detained by immigration authorities in this judicial district at a regularly scheduled check-in during which he was notified that he was to be removed to an unspecified third country. (ECF 9 at 1–2.) Four days later a notice was issued stating that Petitioner was to be removed to Burundi; Petitioner received it the next day, the same day he filed the second petition. (*Id.* at 2.) The notice stated that Petitioner was to be removed on September 19, 2026, three days hence. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05249-SSC Date: September 16, 2026

Title Gerges Eid Ata Gerges v. Acting Field Office Director, Los Angeles Office of Detention and Removal, U.S. Immigration and Customs Enforcement, et al.

Petitioner alleges that his detention violated the governing statute and regulations because he was not provided notice identifying the changed circumstances supporting revocation, a prompt informal interview, an opportunity to submit contrary evidence or a review of the contested facts, and because no removal country was identified until after he was detained. (*Id.* at 3.) He further alleges that the Due Process Clause of the Fifth Amendment required a pre-deprivation hearing in these circumstances, and required "meaningful notice and an opportunity to assert and pursue any fear of persecution or torture" in Burundi, a process he also claims is required by 8 U.S.C. § 1231(b)(3)(A). (*Id.* at 3.) The petition makes clear that it challenges only the process and not the underlying removal order. (*Id.*) The petition requests immediate release under the conditions of his prior Order of Supervision, to enjoin Respondents from transferring Petitioner outside of this judicial district pending further order of the Court, and to enjoin Respondents from removing Petitioner from the United States pending further order of the Court. (ECF 1 at 21.)

Along with the second petition, Petitioner filed a supplemental notice in support of his TRO request. (ECF 10.) The supplemental notice alleges an urgent need for Court intervention to preserve the status quo as the notice of removal claims that it is to be executed on September 19, 2026. (*Id.*)

Respondents are ORDERED to respond to Petitioner's TRO application (ECF 1; ECF 6; ECF 10; ECF 11) no later than **tomorrow, September 17, 2026, at 5:00 p.m.** If Respondents' oppose the TRO request, they must address the factors sets forth in *Winter v. Nat. Res.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05249-SSC Date: September 16, 2026

Title Gerges Eid Ata Gerges v. Acting Field Office Director, Los Angeles Office of Detention and Removal, U.S. Immigration and Customs Enforcement, et al.

*Def. Council*, 555 U.S. 7, 20 (2008), including the likelihood of success on Petitioner's statutory, regulatory, and constitutional claims.

The Court sets a hearing on the TRO application by videoconference for **Friday, September 18, 2026, at 10:30 a.m**. Public access is available in courtroom 790 of the Roybal Federal Building and Courthouse.

**IT IS SO ORDERED.**

:

Initials of Preparer **ts**